Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Nicole L. Poole
fka Nicole C. Weid**
Debtor(s)

Bankruptcy Case No.: 20–20494–GLT
Issued Per Aug. 27, 2020 Proceeding
Chapter: 13
Docket No.: 41 – 11, 28
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated February 5, 2020 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☒ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $1,339 as of September 2020. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.   shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☒ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: PNC Bank (Claim No. 9); Township of Hampton water (Claim No. 9) .

☐ H. Additional Terms:

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Gregory L. Taddonio, Judge
United States Bankruptcy Court

Dated: September 3, 2020

cc: All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                      Case No. 20-20494-GLT
Nicole L. Poole                                                             Chapter 13
     Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2         User: jhel              Page 1 of 2              Date Rcvd: Sep 03, 2020
                             Form ID: 149            Total Noticed: 31

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 05, 2020.
```
db            +Nicole L. Poole,    2473 Naomi Terrace,    Allison Park, PA 15101-3519
cr            +Township of Hampton,    GRB Law,   437 Grant Street 14th Floor,    Frick Building,
                Pittsburgh, PA  15219,    UNITED STATES OF AMERICA 15219-6101
15201839       Bridgecrest credit Company, LLC,    PO Box 29018 Phoenix AZ 85038
15198299      ++FORD MOTOR CREDIT COMPANY,    P O BOX 62180,    COLORADO SPRINGS CO 80962-2180
              (address filed with court: Ford Motor Credit,    National Bankruptcy Service Center,
                Po Box 62180,    Colorado Springs, CO 80962)
15198298      +Ford Motor Credit,    Pob 542000,    Omaha, NE 68154-8000
15198300      +IC System, Inc,    Attn: Bankruptcy,    Po Box 64378,    Saint Paul, MN 55164-0378
15198301      +IC System, Inc.,    Po Box 64378,    Saint Paul, MN 55164-0378
15198302       KML Law Group,    BNY Mellon Independence Center,    701 Market Street - Suite 5000,
                New York, NY 10106
15198303      +Midland Funding,    Attn: Bankruptcy,    350 Camino De La Reine  Ste 100,
                San Diego, CA 92108-3007
15198304      +Midland Funding LLC,    320 East Big Beaver,    Troy, MI 48083-1271
15198305      +Nissan Motor Acceptance Corp/Infiniti,    Pob 660366,    Dallas, TX 75266-0366
15198306      +Nissan Motor Acceptance Corp/Infiniti,    Attn: Bankruptcy,    Po Box 660360,
                Dallas, TX 75266-0360
15198309      +PNC Bank N.A.,    3232 Newark Drive,    Miamisburg, OH 45342-5421
15221994      +PNC Bank, N.A.,    3232 Newmark Drive,    Miamisburg, OH 45342-5421
15198308      +Penn Credit,    Attn: Bankruptcy,    Po Box 988,    Harrisburg, PA 17108-0988
15218217      +Peoples Natural Gas Company LLC,    c/o S. James Wallace, P.C.,    845 N. Lincoln Avenue,
                Pittsburgh, PA 15233-1828
15229246      +Township of Hampton,    GRB Law,    c/o Jeffrey R. Hunt, Esquire,    437 Grant Street, 14th Floor,
                Frick Building,    Pittsburgh PA 15219-6101
15225231       UPMC Physician Services,    PO Box 1123,    Minneapolis, MN 55440-1123
15198313       Verizon Wireless,    National Recovery Operations,    Minneapolis, MN 55426
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr            +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 04 2020 04:09:52
                PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
15198295      +E-mail/Text: dl-collectionsbankruptcyteam@drivetime.com Sep 04 2020 04:00:13      Bridgecrest,
                Po Box 29018,    Phoenix, AZ 85038-9018
15198296      +E-mail/Text: dl-collectionsbankruptcyteam@drivetime.com Sep 04 2020 04:00:13      Bridgecrest,
                7300 East Hampton Avenue,    Suite 100,    Mesa, AZ 85209-3324
15198297      +E-mail/PDF: resurgentbknotifications@resurgent.com Sep 04 2020 04:08:59      CACH LLC,
                4340 South Monaco Street,    Denver, CO 80237-3485
15200670       E-mail/PDF: resurgentbknotifications@resurgent.com Sep 04 2020 04:08:59      CACH, LLC,
                Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
15231559      +E-mail/Text: kburkley@bernsteinlaw.com Sep 04 2020 04:00:24      Duquesne Light Company,
                c/o Bernstein-Burkley, P.C.,    707 Grant St., Suite 2200, Gulf Tower,
                Pittsburgh, PA 15219-1945
15224380      +E-mail/Text: bankruptcydpt@mcmcg.com Sep 04 2020 03:59:52      Midland Funding LLC,
                PO Box 2011,    Warren, MI 48090-2011
15198310       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 04 2020 04:08:57
                Portfolio Recovery,    Attn: Bankruptcy,    120 Corporate Blvd,    Norfold, VA 23502
15220266       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 04 2020 04:09:51
                Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
15198311      +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 04 2020 04:09:22
                Portfolio Recovery LLC,    120 Corporate Blvd Ste 100,    Norfolk, VA 23502-4952
15198837      +E-mail/PDF: gecsedi@recoverycorp.com Sep 04 2020 04:09:18      Synchrony Bank,
                c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
15198314      +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Sep 04 2020 03:59:10
                Verizon Wireless,    Attn: Verizon Bankruptcy,    500 Technology Dr, Ste 500,
                Weldon Springs, MO 63304-2225
                                                                                              TOTAL: 12

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             PNC Mortgage, A Division of PNC Bank, National Ass
15198312       Theodore Weid
cr*           +Duquesne Light Company,    c/o Bernstein-Burkley, P.C.,
                707 Grant Street, Suite 2200, Gulf Tower,    Pittsburgh, PA 15219-1945
cr*           +Peoples Natural Gas Company LLC,    c/o S. James Wallace, P.C.,    845 N. Lincoln Ave.,
                Pittsburgh, PA 15233-1828
15198307     ##+Penn Credit,    916 S 14th Street,    Harrisburg, PA 17104-3425
                                                                                   TOTALS: 2, * 2, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0315-2         User: jhel              Page 2 of 2            Date Rcvd: Sep 03, 2020
                             Form ID: 149            Total Noticed: 31
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 05, 2020                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 3, 2020 at the address(es) listed below:

```
          James   Warmbrodt     on behalf of Creditor    PNC Mortgage, A Division of PNC Bank, National
           Association bkgroup@kmllawgroup.com
          Jeffrey R. Hunt    on behalf of Creditor    Township of Hampton jhunt@grblaw.com,
           cnoroski@grblaw.com
          Kenneth   Steidl    on behalf of Debtor Nicole L. Poole julie.steidl@steidl-steinberg.com,
           ken.steidl@steidl-steinberg.com;ifriend@steidl-steinberg.com;asteidl@steidl-steinberg.com;todd@st
           eidl-steinberg.com;cgoga@steidl-steinberg.com;rlager@steidl-steinberg.com;leslie.nebel@steidl-ste
           inberg.com
          Keri P. Ebeck     on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com,
           jbluemle@bernsteinlaw.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
          S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com,
           srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
                                                                                             TOTAL: 7
```